*551 JORDAN, Circuit Judge,
dissenting.
Because I believe that the gist of the action argument raised by Pediatrix is effectively a challenge to the sufficiency of the evidence supporting the jury verdict, I necessarily conclude that Pediatrix has waived that challenge by failing to move for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50. Accordingly, I respectfully dissent on the issue of waiver.
As the majority correctly points out, a party on appeal may not mount an attack on the sufficiency of the evidence if that party has failed to file a motion for judgment as a matter of law pursuant to Rule 50(a) before the case is submitted to the jury, and pursuant to Rule 50(b) after the verdict. See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 407, 126 S.Ct. 980, 163 L.Ed.2d 974 (2006) (“[W]e hold that since respondent failed to renew its preverdict motion as specified in Rule 50(b), there was no basis for review of respondent’s sufficiency of the evidence challenge in the Court of Appeals.”); Yohannon v. Keene Corp., 924 F.2d 1255, 1262 (3d Cir.1991) (“In this Circuit, [failure to move for judgment as a matter of law at the close of all the evidence] wholly waives the right to mount any post-trial attack on the sufficiency of the evidence.”). The Supreme Court in Unitherm made it particularly clear that an appellate court may not entertain an argument about the sufficiency of the evidence if the party seeking relief has not previously filed a Rule 50 motion in District Court. 546 U.S. at 403-04,126 S.Ct. 980.
The majority suggests that the gist of the action argument has not been waived in this case because Pediatrix raises a legal defense as opposed to a factual issue. However, a Rule 50 motion may very well be required when a legal question depends on the resolution of factual issues, such that the legal question cannot be resolved without reference to the evidence amassed at trial. Cf. Chemetall GMBH v. ZR Energy, Inc., 320 F.3d 714, 720 (7th Cir.2003) (“[I]f the legal question can be separated from the factual one, then we see no bar to reviewing the legal question notwithstanding the party’s failure to raise it in a motion for judgment as a matter of law at trial.”); United Techs. Corp. v. Chromalloy Gas Turbine Corp., 189 F.3d 1338 (Fed.Cir.1999) (“A denial of a motion for summary judgment may be appealed, even after a final judgment at trial, if the motion involved a purely legal question and the factual disputes resolved at trial do not affect the resolution of that legal question.”). Although the gist of the action question is a legal one, see eToll, Inc. v. Elias/Savion Advertising, Inc., 2002 PA Super 347, 811 A.2d 10, 15 (2002) (“The question of whether the gist of the action doctrine applies is an issue of law .... ”), it often requires a fact-intensive analysis as to the true nature of a claim, as is the case here, see Baker v. Family Credit Counseling Corp., 440 F.Supp.2d 392, 418 (E.D.Pa.2006) (acknowledging that “whether tort and contract claims are separate and distinct can be a factually intensive inquiry” (quotations omitted)).
Pediatrix’s gist of the action challenge appears to me to be nothing more than a tardy Rule 50 motion dressed up in Rule 59 garb.[1] Instead of a discussion of legal distinctions between contract and tort *552 claims, Pediatrix’s argument deals repeatedly and at length with how the evidence at trial failed to establish any tort liability, focusing on the trial testimony of TeleChem’s representatives, the expert testimony on damages, and documents admitted into evidence at trial. {E.g., Appellants’ Op. Br. at 30 (“[TeleChem] presented no evidence to support any alleged misrepresentation outside of [the parties’] contracts.”); id. at 33 (“TeleChem’s own documents and testimony showed that the grant work arrangement also promised that it would receive the commercial benefit of any technology resulting from Pediatrix’s research.”); id. at 35 (“TeleChem’s evidence, therefore, was that both contracts promised TeleChem that it would receive commercial benefit from the technology. Its misrepresentation claim was based on precisely the same promise.”).)
Accordingly, it seems that Pediatrix is really saying that it is entitled to judgment in its favor on TeleChem’s fraudulent misrepresentation counterclaim because there was insufficient evidence at trial to establish any fraud independent of the parties’ contractual relationship. That is an argument that could have, and should have, been raised at trial. Because it was not, it has been waived. See Yohannon, 924 F.2d at 1262 (failure to move for judgment as a matter of law waives any attack on the sufficiency of the evidence). This is not a hypertechnical application of the rules of procedure. It is a recognition that what Pediatrix is actually complaining of has less to do with what cause of action rightly fits the facts and more to do with what the facts are at all. Pediatrix cannot circumvent its obligation to file a Rule 50 motion by styling its post-trial motion as a motion to amend the judgment or otherwise seeking to “strike” the judgment, when what it really argues for is judgment as a matter of law due to insufficient evidence.[2]
Given my views on this point, were I writing for the court, I would address Pediatrix’s other challenges to the jury verdict, namely, whether the damages on TeleChem’s misrepresentation counterclaim are duplicative of the damages TeleChem received on its contract counterclaim and whether the punitive damages award is excessive and hence in violation of due process. However, in light of the majority’s disposition of the appeal, there is no need to address those issues, and I write solely to state my view that Pediatrix failed to preserve the gist of the action defense it raises now.

. Calling its late effort a "motion for post-trial relief to amend judgment with respect to [TeleChem's] counterclaims,” Pediatrix argued to the District Court that the judgment on the misrepresentation counterclaim "must be stricken” because “the misrepresentation counterclaim is incorporated into [the] contract counterclaim....” (App. at 1010a.) Likewise, on appeal, Pediatrix argues that the judgment cannot stand because it is barred by the gist of the action.

. Even leaving the Rule 50 issue to the side, I am not convinced that Pediatrix adequately preserved its defense. The majority has rightly noted that Pediatrix raised the gist of the action doctrine in a Rule 12(b)(6) motion (Pediatrix actually moved to dismiss pursuant to the economic loss doctrine, but I agree with the majority that the gist of the action doctrine may better characterize the argument) and that the District Court sua sponte raised the defense at a conference about three weeks prior to trial. However, Pediatrix's silence in the face of TeleChem’s requested jury instruction on the elements of misrepresentation might alone be sufficient to waive the gist of the action defense, regardless of the Court’s sua sponte identification of the issue shortly before trial. In fact, contrary to the majority's suggestion that we would be requiring "calisthenics” from Pediatrix by insisting on some indication that it still sought to pursue that defense (Majority Op. at 549), the District Court’s inquiry about the gist of the action indicated that the defense was still viable if Pediatrix simply did something, practically anydiing, to pursue it.